[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM RE: MOTION FOR SUMMARY JUDGMENT #131
The defendant City of Waterbury (hereinafter "City") moves for Summary Judgement as to counts 1, 2, 4 and 5 of the amended complaint dated December 10, 1996. The plaintiff concedes that the relief sought can be granted as to counts 2 and 5 but objects to the motion as to counts 1 and 4.
Although counts one and four do not allege the statutory basis for the claim against the city of Waterbury, the plaintiffs brief dated August 27, 1998 (Pleading #133.5) states that the City's breached its duty and that the plaintiff filed its statutory notice under 13a-149. The statutory notice, dated March 9, 1994 and attached to the amended complaint of December 10, CT Page 37 1996, states in item "4. Place:" that the "[s]idewalk in question in the area of the fall is on school property". The affidavit of the Waterbury Board of Education School Inspector, Herbert Greengas, states that the Board of Education has control over and is responsible for maintaining the sidewalks at the entrance/exit of John Kennedy High School where the plaintiff allegedly fell. In order for the city to be liable to the plaintiff under the counts one and four, the plaintiff must have sustained an injury on a defective road or bridge and that the party whom the plaintiff is suing must be the party bound to keep "the location where the injury was sustained" in repair. Novicki v. News Haven47 Conn. App. 735, 740. The plaintiff has produced no affidavits or other documents showing that the injury occurred on a road that the city was obligated to repair.
In this case, as was the case in Novicki, the fall occurred on school property and there can be no claim against the City since the injury did not occur on a road that the city was bound to repair there is, thus, no liability on behalf of the City. The Motion for Summary Judgment as to the defendant City as to counts one and four is granted.
Order: The Motion for Summary Judgment in favor of the city of Waterbury as to counts two and five may be granted by agreement and to counts one and four may be granted in accordance with this opinion.
PELLEGRINO, J.